IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-00260-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT JUDGMENT AND PERMANENT |
| v. ) | INJUNCTION |
| ) | |
| ALPHEUS BREWER, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, the United States of America ("Government" or "United States"), has filed a Complaint for Permanent Injunction ("Complaint") pursuant to 18 U.S.C. § 1345 against Defendant Alpheus Brewer ("Defendant" or "Brewer") to enjoin him from further participating in a fraudulent scheme that has victimized elderly American citizens, among others. [D.E. 1]. The United States and Defendant (collectively, "Parties") stipulate to the entry of this Consent Judgment and Permanent Injunction ("Order") to resolve the claims alleged in the Complaint. The Parties have informed the Court of the following:

## **PARTIES**

1. Plaintiff is the United States of America.

2. Defendant Alpheus Brewer is a resident of Nashville, North Carolina, which is located in Nash County and encompassed by the Eastern District of North Carolina. Defendant engaged in the conduct described in this Order from within the Eastern District of North Carolina.

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the Eastern District of North Carolina under 28 U.S.C. § 1391(b)(1).

5. Defendant Alpheus Brewer consents to this Court's subject-matter and personal jurisdiction, and consents to venue in this judicial district.

6. Defendant Alpheus agrees to waive service of the Complaint and summons.

7. Defendant Alpheus Brewer admits that he has participated in a scheme to commit mail fraud, wire fraud, and money laundering by: receiving payments from victims that he knows were fraudulently obtained—including, without limitation, through false promises of lottery or sweepstakes winnings—and that he knows the victims sent to him through the United States Postal Service or commercial mail carriers; depositing those payments, sometimes in amounts exceeding $10,000, into bank accounts Defendant owns in the United States; and then permitting others to withdraw those funds through automated teller machine ("ATM") transactions in Jamaica.

8. Defendant Alpheus Brewer admits that he was advised multiple times by the United States Postal Inspection Service about the nature of the scheme that he facilitated and participated in, and that the United States Postal Inspection

2

Service repeatedly advised him not to continue doing so.

9. Defendant Alpheus Brewer agrees that the facts admitted in Paragraphs 7 and 8 are sufficient to state a claim for which relief can be granted under 18 U.S.C. § 1345.

10. Defendant Alpheus Brewer warrants that he freely and voluntarily consents to this Order—including its form, substance, and accuracy—without any duress or compulsion.

11. Defendant Alpheus Brewer acknowledges that he has been informed that he does not have to sign this Order if he so chooses and that he is free to hire or consult with legal counsel with respect to this matter; that he has had an opportunity to hire or consult with legal counsel; and that he freely and voluntarily chooses to proceed.

12. The Parties agree, and by entry of this Order the Court finds, that this Order is fair and reasonable. The Parties further agree, and by entry of this Order the Court finds, that the United States has demonstrated actual success on the merits, that there will be irreparable harm absent entry of the injunction, the threatened injury described in the Complaint and this Order outweighs any harm to Defendant Alpheus Brewer, and that this Order is in the public interest.

## **ORDER**

In view of the foregoing, and based on the Parties' consent, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Court has jurisdiction over this matter and the Parties pursuant

to 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345, and pursuant to the Parties' consent to personal jurisdiction. Venue is proper in this District under 28 U.S.C. § 1391.

2. For purposes of this Order, the following definitions apply:

   a. "Person" means an individual, a corporation, a partnership, an unincorporated association, a trust, an estate, or any other entity;

   b. "Funds" include any currency, check, money order, stored value card, stored value card numbers, bank wire transmission, or other monetary value;

   c. "Prize Promotion Fraud" means a plan, program, promotion, or campaign that is conducted to mislead a prospective victim or victims to believe that they have won, or may or will win or receive, a sweepstakes, contest, lottery, prize, inheritance, money, property, or other thing of value, contingent on the victim providing, or providing a means of accessing or obtaining, any Fee;

   d. "Money Transmitting Business" refers to a Person who, for a Fee, receives Funds from one Person for the purpose of transmitting the Funds, or providing access to the Funds, to another Person;

   e. "Fee" refers to a payment or compensation of any kind regardless of how the payment or compensation is labeled, including but not limited to processing fees, service fees, expediting fees, purchase

4

fees, nominal fees, symbolic payments, gifts, and gratuities.

3. Having reviewed the Complaint and the Parties' stipulations, above, judgment is hereby entered in favor of the United States and against Defendant Alpheus Brewer, pursuant to 18 U.S.C. § 1345.

4. Defendant Alpheus Brewer, his agents, and any Person acting on his behalf or in active concert or participation with him, are hereby IMMEDIATELY PERMANENTLY RESTRAINED AND ENJOINED under 18 U.S.C. § 1345 from:

   a. Directly or indirectly assisting, facilitating, or participating in any Prize Promotion Fraud or any Money Transmitting Business;

   b. Authorizing or permitting the transmission of Funds—whether by wire transfer, money order, check, cash, or otherwise—to any foreign country;

   c. Authorizing or permitting access, including continued access, to Defendant Alpheus Brewer's financial accounts to any Person other than a spouse or child, or a legal guardian or trustee approved by an appropriate court, without express, written permission from the United States;

   d. Continuing to use any financial account involved in the scheme at issue here;

   e. Opening any bank or other financial accounts without express, written permission from the United States; and

   f. Dissipating, transferring, alienating, removing, or secreting any

5

Funds received from any victims of, or any profits or proceeds from, the scheme at issue here, except to voluntarily return Funds to the victims, to voluntarily relinquish Funds or proceeds to the United States Postal Inspection Service, or by further order of the Court.

5. It is further ORDERED that Defendant Alpheus Brewer shall take all steps necessary to effectuate the prohibitions identified in Paragraph 4, above, including:

   a. Immediately discontinuing unauthorized third-party access to his financial accounts; and

   b. Immediately discontinuing use of financial accounts involved in the scheme at issue here.

6. It is further ORDERED that Defendant Alpheus Brewer shall permit the United States Postal Inspection Service to interdict, retain, open, and inspect any parcel addressed to him or his residence—whether the parcel is sent by the United States Postal Service, FedEx Corporation, or any other public or private carrier—that the United States Postal Inspection Service has reason to believe is connected with the same scheme or a similar scheme as the one at issue here. To the extent the contents of any interdicted parcel are connected with the same scheme or a similar scheme as the one at issue here, Defendant Alpheus Brewer shall permit the United States Postal Inspection Service, or a public or

private carrier, to return the parcel to its sender.

7. It is further ORDERED that:

   a. Within five business days after entry of this Order, Defendant Alpheus Brewer shall provide to United States Postal Inspector William M. Palmeri:

      i. Written confirmation of all financial accounts that Defendant Alpheus Brewer owns or for which he has signature authority in the United States or elsewhere, including the name of the financial institution and the complete account number; and

      ii. Written acknowledgment of receipt of this Order.

   b. Defendant's written acknowledgment shall state, "Pursuant to 28 U.S.C. § 1746, I, Alpheus Brewer, certify under penalty of perjury that the foregoing is true and correct."

   c. Defendant shall personally deliver the signed and notarized written acknowledgment to United States Postal Inspector William M. Palmeri or his designee at 4110 Wake Forest Road, Suite 101, Raleigh, NC 27609, unless Inspector Palmeri designates an alternative location.

8. This Order shall not be modified except in writing by the United States and Defendant Alpheus Brewer, and approved by the Court.

9. This Order shall constitute a final judgment and order in this case.

7

10. Each Party shall bear its own legal and other costs incurred in connection with this matter.

11. The United States District Court for the Eastern District of North Carolina retains exclusive jurisdiction of this case for the purpose of enforcing or modifying this Order, and for the purpose of granting such additional relief as may be necessary or appropriate.

SO ORDERED, this \_\_1st\_\_ day of \_\_June\_\_, 2023.

_Louise W. Flanagan_
Louise Wood Flanagan
United States District Judge

With express consent to form and substance:

FOR THE UNITED STATES OF AMERICA:

MICHAEL F. EASLEY, JR.
United States Attorney

BY: _____ MAY 15, 2023
C. MICHAEL ANDERSON
ANDREW KASPER
Assistant United States Attorneys

*Attorneys for the United States of America*

FOR DEFENDANT ALPHEUS BREWER:

_Alpheus Brewer 4-3-2023_
ALPHEUS BREWER
*Defendant*

8